UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JAMES FREDERICK WILLIAMS, )
          Plaintiff, )
)    1:13-cv-180
v. )
)    *Mattice/Carter*
CHRIS GOTT, D/B/A, HAMILTON )
COUNTY JUVENILE COURT CHILD )
SUPPORT DIVISION, )
          Defendant. )

## REPORT AND RECOMMENDATION

Before the Court is the application to proceed *in forma pauperis* ("Application") filed by Plaintiff James Frederick Williams [Doc. 1]. This matter comes before the undersigned for consideration of the Application pursuant to 28 U.S.C. § 636(b), 28 U.S.C. § 1915, and the rules of this Court.

Plaintiff has submitted a three-page Amended complaint and four pages of exhibits. Plaintiff represents that jurisdiction is proper in this Court because "[t]he amount in controversy, exclusive of costs and interest, exceeds $10,000" under 28 U.S.C. 1337(a). [Doc. 5]. In the text of the complaint, Plaintiff alleges his address is in the State of Tennessee, while he identifies the defendant's address to be on East Main Street in Chattanooga, Tennessee. He alleges no diversity of citizenship.

In this case, Plaintiff represented that jurisdiction was proper in this Court as an admiralty or maritime claim. In this case, Plaintiff seeks to recover a sum of $55,188.08 from Defendant for an unpaid bond [Doc. 5-1].

28 U.S.C. § 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit when the litigant shows by affidavit that he/she is unable to pay court costs and fees. 28 U.S.C. § 1915(a); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). I do not

reach the question of whether Plaintiff is indigent, however, because I recommend this action be dismissed for the reasons explained below.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), a district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Plaintiff has asserted no federal cause of action in his complaint, providing no basis for "federal question" jurisdiction pursuant to 29 U.S.C. § 1331. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Plaintiff's claim is more akin to an action for breach of contract, which is a matter of state court jurisdiction when the requirements for federal diversity jurisdiction are not met. Here, Plaintiff does not, nor could he, allege that his case is properly before this Court under diversity jurisdiction. Plaintiff's claim fails to meet the requirements of diversity jurisdiction. Plaintiff bears the burden of establishing the existence of diversity jurisdiction in his complaint. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Plaintiff does not plead diversity of citizenship. Plaintiff also fails to reach the threshold amount of $75,000 in controversy, exclusive of interest and costs, for diversity jurisdiction to exist under 28 U.S.C. §. 1332(a). Plaintiff cites to the $10,000 threshold amount under 28 U.S.C. § 1337(a), but § 1337(a) only applies to civil proceedings arising under federal commerce and antitrust regulations. Plaintiff does not bring his action under any specified federal commerce or antitrust law, and thus § 1332(a) and the $75,000 minimum is the applicable standard for diversity jurisdiction in this case. Plaintiff seeks $55,188.08, but makes no mention of interest or costs, and therefore does not adequately allege an amount in controversy over $75,000. As such, it appears this Court does not have jurisdiction over Plaintiff's complaint.

Further, I **RECOMMEND** Plaintiff's action be **DISMISSED** because I conclude it is

fraudulent and therefore frivolous and malicious. Plaintiff alleges he executed a bond in the total sum of $55,188.08 and attached a copy of that document (Doc. 5-1, Exhibits A, Page ID #'s 15 and 16). He then alleges defendant has dishonored, not paid or accepted the bond and Plaintiff submits a Notice of Dishonor also signed by Plaintiff (Doc. 5-3, Page ID #18). The Court is aware that use of this very document in the Southern District of Indiana resulted in the Indictment and conviction of another would-be Plaintiff, one Byron Bellar, for a violation of 18 U.S.C. § 514.

Attached to this Report and Recommendation is a copy of the Criminal Complaint from the United States District Court in the Southern District of Indiana (Ex. 1) and Indictment (Ex. 2), the bond (Ex. 3) on which the claim was based, which is identical to the document used in all of Plaintiff James Frederick Williams' various cases filed in this Court. Also attached is the Jury Verdict (Ex. 4) and Judgment for Passing a Fictitious Obligation (Ex. 5).

Accordingly, I **RECOMMEND** that this action be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) for failure to state a claim for which relief may be granted due to this Court's lack of subject matter jurisdiction and under 28 U.S.C. § 1915(c)(2)(B)(i) as frivolous and malicious.[1]

S/ *[signature]*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

3